MULCAHY LAW FIRM, P.C.
3001 E. CAMELBACK ROAD, SUITE 130
PHOENIX, ARIZONA  85016
(602) 241-1093 PHONE / (602) 264-4663 FAX
E-MAIL:  BMULCAHY@MULCAHYLAW.NET

BETH MULCAHY #017005
CHARLENE CRUZ #026692
MAUREEN CONNOLLY #030194
ATTORNEYS FOR MOVANT

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>WALTER EDWARD KING.<br>Debtor.<br><br>COTTONFLOWER-GOODYEAR COMMUNITY ASSOCIATION INC.,<br><br>v.<br><br>WALTER EDWARD KING.<br>Respondent. | Case # 2:15-bk-07817-EPB<br><br>Chapter 13 Proceedings<br><br>**CREDITOR'S MOTION TO PROCEED WITH SALE AND CONFIRM ABSENCE OF STAY** |

This Motion to Proceed with Sale and Confirm Absence of Stay is filed by Cottonflower-Goodyear Community Association, Inc. ("Cottonflower"), through undersigned counsel in the above-captioned Chapter 13 case of WALTER EDWARD KING ("Debtor").  Pursuant to this Motion, Cottonflower requests under 11 U.S.C. § 362, an order confirming that no automatic stay is in effect or in the alternative for relief from stay, showing the Court as follows:

**FACTS**

1. Movant holds a security interest encumbering property of Malik Bey, as Trustee of Magic Asset Management Trust, located at 2267 S. 173rd Drive, Goodyear, Arizona 85338 ("Property"). Attached please find the Judgment of Foreclosure in CV2013-015763 of May 28, 2014.

2. Pursuant to Warranty Deed recorded on November 17, 2010 at Document No. 20101004467, the record owner of the Property is Malik Bey, as Trustee of Magic Asset Management Trust. Attached please find the Warranty Deed Document No. 20101004467.

3. Tariq-Bey, Trustee of the Titanium International Investments Trust, upon information and belief has a claim as the validity and enforceability of the uninsured deed dated July 2012, from Malik A. Bey, Trustee of the Magic Asset Management Trust, grantor to M. Tariq-Bey, Trustee of the Titanium International Investments Trust, grantee, recorded on August 28, 2012 in Document No. 2012-0772116, records of Maricopa County, Arizona. Attached please find Deed Document No. 20120772116

4. This Chapter 13 case was filed on June 24, 2015 under the name of Walter Edward King and the Debtor is an individual.

5. On or about June 25, 2015, sheriff's sale was scheduled in case <u>Cottonflower-Goodyear Community Association, Inc. vs. Malik Bey, et al.,</u> Maricopa Superior Court Case No. CV2013-015763. Attached please find the Notice of Sheriff's Sale in CV2013-015763 of May 21, 2015.

6. Plaintiff vacated the sale on notice of June 24, 2015 bankruptcy filing.

7. Previously, Chapter 13 case 2-14-BK-16245 was filed on 10/29/2014 under the name of Walter Edward King and the Debtor is an individual.

8. On or about October 30, 2014, sheriff's sale took place in case <u>Cottonflower-Goodyear Community Association, Inc. vs. Malik Bey, et al.,</u> Maricopa Superior Court Case No. CV2013-015763, wherein the subject property was sold to a third party bidder. Attached please find the Notice of Sheriff's Sale in CV2013-015763 of October 1, 2014.

9. Notice of the Walter King's bankruptcy filed *the day before the sheriff's sale* was not provided to Cottonflower or the Maricopa County Sheriff.

10. On or about December 1, 2014, Debtor moved to voluntarily dismiss the instant case for being "ill prepared to provide the necessary schedules and other documents to proceed with the Chapter 13 process…" which was granted December 10, 2014. Attached please find the bankruptcy dismissal order of 2-14-BK-16245-BKM dated December 10, 2014.

11. Debtor Walter Edward King is not the record owner of the Property.

## **LEGAL AUTHORITY**

Section 362(c)(3)(a) provides:

> "(if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707 (b)—

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case

Section 362(d)(4)(A) provides that "(d) [o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay— (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either— (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval" 11 U.S.C. § 362(d)(4)(A).

Pursuant to the provisions of United States Code sections 362 and 362(d), the Association is entitled to adequate protection of its interest in the Real Property. Any party opposing this motion for relief of stay has the burden of proving a lack of cause, even when the debtor asserts that is equity in the property furnishes the creditor with adequate protection. *In re Kim*, 71 B.R. 1011 (Bankr. C.D. Cal. 1987) (overruled on other grounds).

**ARGUMENT**

Under 362(c)(3)(a), the automatic stay of collections should be lifted allowing Plaintiff to proceed with sheriff's sale. Prior to this bankruptcy petition, Malik Bey, record owner of the Property defaulted in the payment of the homeowners association

Motion to Proceed with Sale    page 4    Case # 2-15-BK-07817-EPB

dues and a foreclosure lawsuit was filed in Maricopa County Superior Court. After failure of Malik Bey to cure said default, Movant sought a Judgment in Foreclosure and caused a Notice of Sheriffs's sale to be issued through the Maricopa County Sheriff. Attached please find the Judgment of Foreclosure in CV2013-015763 of May 28, 2014. First, the deed binding Malik Bey to the Cottonflower Association Declaration, making Bey responsible for homeowners association dues and providing for consent to a lien according to the Warranty Deed recorded on November 17, 2010 at Document No. 20101004467 in the office of the County Recorder of Maricopa County, Arizona, does not list the debtor in this bankruptcy matter, Mr. Walter Edward King. Attached please find the Warranty Deed 20101004467 of November 17, 2010.

Defendant filed bankruptcy on June 24, 2015, one day before the scheduled sheriff's sale, as done in his previous bankruptcy filing on October 29, 2014 before the next day's scheduled sale. Further, on December 1, 2014, Debtor sought to dismiss the bankruptcy proceeding for inability to prepare the required financial schedules. These filings raise the issue of whether the bankruptcy was filed solely to delay the sheriff's sale and filed without the intention of producing all required financial schedule information. Attached please find the bankruptcy dismissal order of 2-14-BK-16245-BKM dated December 10, 2014.

The Association submits the adequate protection in this case requires the ability to proceed with the sheriff's sale. In the instant case, the Debtor has been in default with the required terms of the Declaration regarding assessment amount obligations. Attached please find the Judgment of Foreclosure in CV2013-015763 of May 28, 2014. The

Motion to Proceed with Sale        page 5         Case # 2-15-BK-07817-EPB

Case 2:15-bk-07817-EPB   Doc 9   Filed 06/26/15   Entered 06/26/15 11:00:30   Desc
Main Document    Page 5 of 7

Association is informed and believes that Debtor is presently unwilling or unable to provide adequate protection to the Association and there is no probability that adequate protection can be afforded to the Association within a reasonable time. By reason of the foregoing, Association is entitled to relief of stay under 11 United State Code section 362(d)(1), based upon the failure of Debtor to provide adequate protection to Association.

**REQUEST FOR RELIEF**

**WHEREFORE,** Cottonflower respectfully requests the Court to enter an Order granting the following relief:

    1.    An Order confirming that after thirty days of the filing of the instant case there will be no Automatic Stay pursuant to 11 U.S.C. §362(c)(4)(A)(i) with respect to the real property generally described as 2267 S. 173rd Drive, Goodyear, Arizona 85338, until ordered otherwise by this Court;

    2.    For Movant's reasonable attorneys' fees and costs and interest herein incurred and expended; and

    3.    Granting such other and further relief as the Court determines is just and proper under the circumstances of this case.

    **DATED** this 25rd day of June, 2015.

        **MULCAHY LAW FIRM, P.C.**

        /s/ Maureen Connolly /s/
        _____
        Maureen Connolly
        Attorney for Cottonflower-Goodyear
        Community Association Inc.

On June 25, 2015, I served the foregoing documents described as **MOTION TO PROCEED WITH SALE AND TO CONFIRM ABSENCE OF STAY** on the following individuals by electronic means through the Court's ECF program:

| | |
|---|---|
| 1 | |
| 2 | RUSSELL BROWN<br>CHAPTER 13 TRUSTEE<br>SUITE 800<br>3838 NORTH CENTRAL AVENUE<br>PHOENIX, AZ 85012-1965 |
| 3 | |
| 4 | WALTER EDWARD KING<br>c/o 2267 S. 173rd DRIVE<br>GOODYEAR, AZ 85338 |
| 5 | |

1
2                          RUSSELL BROWN
                        CHAPTER 13 TRUSTEE
3                              SUITE 800
                      3838 NORTH CENTRAL AVENUE
                         PHOENIX, AZ 85012-1965
4
                          WALTER EDWARD KING
                          c/o 2267 S. 173rd DRIVE
5                           GOODYEAR, AZ 85338

6

7

8  **I declare under penalty and perjury under the laws of the United States of America that the foregoing is true and correct.**

9                                              **MULCAHY LAW FIRM, P.C.**

10                                             /s/ Maureen M. Connolly /s/
                                               _____

11  On June 25, 2015, I served the foregoing documents described as **MOTION TO PROCEED WITH SALE AND TO CONFIRM ABSENCE OF STAY** on the following individuals by depositing true copies thereof in the United States mail at Phoenix, Arizona, enclosed in a sealed envelope, with postage paid addressed as follows:

12

13                          RUSSELL BROWN
                        CHAPTER 13 TRUSTEE
14                             SUITE 800
                      3838 NORTH CENTRAL AVENUE
15                       PHOENIX, AZ 85012-1965

16                        WALTER EDWARD KING
                          c/o 2267 S. 173rd DRIVE
17                          GOODYEAR, AZ 85338

18  **I declare under penalty and perjury under the laws of the United States of America that the foregoing is true and correct.**

19
                                               **MULCAHY LAW FIRM, P.C.**
20                                             /s/ Maureen M. Connolly /s/

21

22

23

24

Motion to Proceed with Sale            page 7            Case # 2-15-BK-07817-EPB

Case 2:15-bk-07817-EPB   Doc 9   Filed 06/26/15   Entered 06/26/15 11:00:30   Desc
Main Document    Page 7 of 7